NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JALISA ILONA JACKSON, *Appellant.*

No. 1 CA-CR 16-0684
FILED 7-25-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2015-126833-001
The Honorable George H. Foster Jr., Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N**, Judge:

¶1 This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Jalisa Ilona Jackson (defendant) has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law and has filed a brief requesting this court to conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but she has not done so.

¶2 In February 2015, the defendant was at a Carl's Jr. restaurant, eating lunch with her five children. E.C. was also at the Carl's Jr., entering the drive-thru with her dogs in the backseat of her car. E.C. got to the drive-thru window, rolled her window down and placed her order. After placing her order, E.C. reached over to the passenger floorboard, picked up her purse, and put it on her lap to pay. There were cars in front of her car and a car pulled in behind her. While she waited in line, she turned around in her seat to talk to her dogs. E.C. felt her purse move, and when she turned around she saw a woman running away. The woman was holding E.C.'s purse against her chest. E.C. testified that she paid forty-dollars for the purse and it contained two cell phones, which cost six hundred dollars to replace, an eighteen-dollar wallet, her address book, identification, food stamp card, social security card, and eighteen dollars in cash.

¶3 L.P. and her passenger were behind E.C.'s car in the Carl's Jr. drive-thru. L.P. saw a "lady" approach E.C.'s car, take the purse, and then "r[a]n back" to her blue Cherokee "SUV". She watched the Cherokee back up to leave and backed up to get its license plate number. After noting the plate number, L.P.'s passenger called 9-1-1 and gave details of what she observed as well as the license plate number.

¶4 The detective assigned to this case reviewed the original report, which contained the provided license plate number. Using the reported vehicle information, the detective did a search through the Arizona Department of Motor Vehicles' (MVD) records and found that the

vehicle came back registered to the defendant. Using the defendant's MVD record photo and booking photos of other individuals, the detective created a photo line-up.

**¶5**　　　　L.P. went to the police station about two weeks after the incident, where she was read a photographic line-up advisement by the detective and shown a page with six pictures on it. L.P. looked at each face on the page and, within about "five seconds," picked out the defendant's photo from the line-up as the person who took E.C.'s purse.

**¶6**　　　　The state charged the defendant with one count of burglary in the third degree, a class 4 felony, and one count of theft, a class 6 felony. At trial, L.P. again identified the defendant as the individual who stole E.C.'s purse. A jury convicted the defendant of burglary in the third degree and theft of property from a person, with the property valued at less than a thousand dollars. In September 2016, the trial court sentenced defendant to 15 days in jail and 3 years of supervised probation for both counts.[1]

**¶7**　　　　We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits.

**¶8**　　　　Upon the filing of this decision, counsel shall inform the defendant of the status of the appeal and her options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-84 (1984). The defendant shall have thirty days from the date of this decision in which to proceed, if she so desires, with an *in propria persona* motion for reconsideration or

---

[1]　　　The trial court deferred defendant's jail term because she was pregnant at the time of sentencing. However, defendant was noncompliant with the terms of probation and failed to self-surrender for her deferred jail term on April 1, 2017. The court extended her sentence to 3 months' jail time, but reinstated the 3 years of supervised probation.

petition for review.  We affirm the conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA